Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Los Angeles, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiffs*
*Five Four Clothing, Inc.*
*and FiveFour Group, LLC*

FILED
2010 JUL 28 PM 3:56
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FIVE FOUR CLOTHING, INC., a California Corporation; FIVEFOUR GROUP, LLC, a California Limited Liability Company;

Plaintiffs,

vs.

WAL-MART STORES, INC., a Delaware Corporation; CGS INDUSTRIES, INC., a Florida Corporation; and DOES 1-10, inclusive,

Defendants.

CASE NO. CV 09-9431 GW (CWx)

**THIRD AMENDED COMPLAINT**

1. **FEDERAL TRADEMARK COUNTERFEITING;**
2. **FEDERAL TRADEMARK INFRINGEMENT;**
3. **FEDERAL FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS;**
4. **TRADE DRESS INFRINGEMENT;**
5. **FALSE ADVERTISING;**
6. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;**
7. **STATE STATUTORY UNFAIR COMPETITION;**
8. **CONSTRUCTIVE TRUST**

**JURY TRIAL DEMANDED**

Plaintiffs Five Four Clothing, Inc. and FiveFour Group, LLC (collectively, "Five Four" or "Plaintiffs") for their claims against Defendants Wal-Mart Stores, Inc. and CGS Industries, Inc. (collectively "Defendants") respectfully allege as follows:

## JURISDICTION AND VENUE

1. Plaintiffs file this action against Defendants for trademark infringement and trade dress infringement under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition under the common law of the state of California. This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2. This Court has personal jurisdiction over Defendants because Defendants conduct business within this judicial district.

3. This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this judicial district.

## THE PARTIES

4. Plaintiff Five Four Clothing, Inc. is a company organized and existing under the laws of the State of California with a corporate office and principle place of business in Los Angeles, California.

5. Plaintiff FiveFour Group, LLC is a limited liability company organized and existing under the laws of the state of California with an office and principle place of business in Los Angeles, California.

6. Upon information and belief, Defendant Wal-Mart Stores, Inc. is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Bentonville, Arkansas.

7. Upon information and belief, Defendant CGS Industries, Inc. is a corporation organized and existing under the laws of the state of Florida with an office and principal place of business in Long Island City, New York.

8. Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1

through 10, inclusive, and therefore sues them by their fictitious names. Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiffs are informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## NATURE OF ACTION

10. Plaintiffs seek injunctive relief, damages and a declaratory judgment based upon Defendants' unfair competition with Plaintiffs arising from Defendants' willful infringement of Plaintiffs' trademarks. Defendants' willful infringement has impacted both upon Plaintiffs' rights directly as well as Plaintiffs' ability to maintain consumer satisfaction. In this regard, it is noteworthy that the infringing items below are virtually identical "knockoffs" of Plaintiffs' authentic goods and that Defendants have already admitted to intentionally copying Plaintiffs' authentic product.

## ALLEGATIONS COMMON TO ALL CLAIMS

### A. Five Four's Family of Trademarks, Logos, and Designs

11. The Five Four brand was founded in 2002 by creative director Andres Izquieta and his partner, Dee Murthy.

12. Five Four has grown from a line of six basic tees to a full collection of over 150 styles of clothing which include, but are not limited to, shirts, jackets, jeans, and sweaters.

13. The Five Four brand embodies the spirit of modern culture. Through its progressive designs and modern aesthetic, the collection reflects the essence of a brand without any boundaries.

14. Plaintiff Five Four Clothing, Inc. is the worldwide owner of the "FF ONE FIVE FOUR" and "FIVE FOUR FF" marks (hereinafter collectively "Four Four Marks") as seen below



"FF ONE FIVE FOUR"

(U.S. Reg. No. 2,869,050)



"FIVE FOUR FF"

(U.S. Reg. No. 3,097,247)

15. Plaintiff FiveFour Group, LLC is the exclusive licensee of the Five Four Marks.

16. Each of the Five Four Marks has been continually used in commerce since its respective date of first issue. Five Four has used the Five Four Marks in connection with the sale of goods since as early as 2002.

17. Five Four has long been manufacturing and selling in interstate commerce high quality apparel products under the Five Four Marks. Through longstanding use, advertising and registration, the Five Four Marks have achieved a high degree of consumer recognition and constitute famous marks.

18. Five Four-branded products and their packaging all prominently bear the Five Four Marks. True and correct photocopies of Five Four apparel are attached hereto as **Exhibit #1**.

19. Because of Five Four's extensive use of the Five Four Marks, Five Four has built up significant goodwill therein.

20. Five Four's Marks are highly recognized by the public and serve to identify the source of the goods as from Five Four.

21. Five Four's products are distributed throughout the United States and in numerous foreign countries.

22. Celebrities, entertainers and professional athletes such as Rainn Wilson, Sean Paul, Jay Sean, Gregory Michael, Aaron Carter, Erik Estrada, Larry King, Cory Monteith, John Salley, Matt Leinart, Omar Miller, Michael Strahan, Terry Crews, Edgar Ramirez and Josh Powell are among the many enthusiasts of the Four Five brand.

23. The Five Four apparel line has been praised and recognized in articles appearing in both trade publications and publications directed to the general public. Publications and online magazines such as 944 Magazine, Complex, Ruby Hornet, Mens Rag and Design Scene have all recently featured Five Four clothing, including Five Four jeans.

24. Five Four's most well recognized denim products are those bearing the "FF" Design, which features its original one of a kind "FF" logo (see below) on the pockets in an assortment of different sizes, patterns, and colors.



25. The "FF" Design is non-functional, inherently distinctive, and serves to identify Five Four as the source of the product on which the "FF" Design appears.

26. The "FF" Design has continuously appeared in Five Four's advertising and promotional activities. Five Four has extensively used and promoted the "FF"

Design such that its design is closely identified with the products of Five Four and has gained widespread public recognition.

27. Five Four-branded products featuring the "FF" Design have been worn by various celebrities and have been featured in many magazine publications, including those listed above.

28. Due to its long use, extensive sales, and significant advertising and promotional activities, Five Four's "FF" Design has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

**B. Defendants' Infringing Conduct**

29. Upon information and belief, Defendants have counterfeited and/or infringed Plaintiffs' trademarks by advertising, distributing, selling and/or offering for sale unauthorized goods including without limitation apparel bearing unauthorized reproductions of Plaintiffs' trademarks. The infringing Five Four Marks that appeared on Defendants' infringing products were utilized in such a manner as to mimic the overall appearance of the "FF" Design. Indeed, Defendants have distributed unauthorized jeans that are virtually identical to Plaintiffs' authentic jeans (hereinafter "Offending Goods"). True and correct photocopies of photographs of an exemplar of Defendants' Offending Goods are attached hereto as **Exhibit #2**.

30. Long after Plaintiffs' adoption and use of its Five Four Marks and "FF" Design on and in connection with Plaintiffs' goods and services, and long after Plaintiffs' federal registration of its trademarks, Defendants commenced the distribution, advertisement, offering for sale and/or sale of Defendants' Offending Goods.

31. Defendants advertised, distributed, offered for sale, and sold merchandise wrongfully bearing counterfeits and infringements of Plaintiffs' Five Four Marks and "FF Design" into this judicial district.

32. Upon information and belief, the activities of Defendants complained of herein constitute trademark counterfeiting and/or infringement of the Five Four Marks

and "FF" Design and are in total disregard of Plaintiffs' rights. Plaintiffs are informed and believe and thereon allege that Defendants had actual, constructive, and/or statutory notice of Plaintiffs' rights to the Five Four Marks when Defendants advertised, manufactured, purchased, offered for sale and/or sold the Offending Goods.

33. The use by Defendants of counterfeits, copies, or colorable imitations of the Five Four Marks and "FF" Design has been without Plaintiffs' consent, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the Offending Goods sold by Defendants are authorized, sponsored, or approved by Plaintiffs when, in fact, they are not.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Counterfeiting)**

34. Plaintiffs incorporate all prior allegations as if set forth fully herein.

35. Defendants have used in commerce a spurious mark that is identical with or substantially indistinguishable from the registered Five Four Marks in connection with Defendants' sales, offering for sale, distribution, and advertising of Defendants Offending Goods.

36. Defendants' activities as set forth herein constitute Defendant's unauthorized use in commerce of the Five Four Marks.

37. Defendants' use of the Five Four Marks in connection with Defendants' Offending Goods is likely to cause confusion, mistake or deception of consumers as to the source of origin or sponsorship of the products, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. Defendants' advertising, offering for sale and sale of the Offending Goods subjected consumers to confusion in that consumers were likely to purchase Defendants' Offending Goods falsely believing that Defendants and/or Defendants' Offending Goods are affiliated, connected, or associated with Plaintiffs, or falsely

believing that Defendants and/or Defendants' Offending Goods originate from, or are sponsored or approved by Plaintiffs when they are not.

39. Defendants have used in connection with the advertisement, distribution, offering for sale and sale of Defendants' Offending Goods the Five Four Marks.

40. Defendants' conduct exploits the goodwill and reputation associated with Plaintiffs and Plaintiffs' registered Five Four Marks.

41. Defendants' activities as aforesaid create the false and misleading impression that Defendants are sanctioned, authorized and/or licensed by Plaintiffs to use Plaintiffs' Five Four Marks to manufacture, advertise, distribute, offer for sale or sell products bearing the Five Four Marks when Defendants are not so authorized.

42. Defendants' unauthorized use of the Five Four Marks as set forth above has resulted in Defendants unfairly benefiting from Plaintiffs' advertising and promotion, and profiting from Plaintiffs' reputation and its registered Five Four Marks, to the substantial and irreparable injury of the public, Plaintiffs, and the Five Four Marks and the substantial goodwill represented thereby.

43. Defendants' acts have caused, and will continue to cause, great and irreparable injury to Plaintiffs, and unless such acts are restrained by this Court, they will be continued, thereby causing Plaintiffs to continue to suffer great and irreparable injury. Plaintiffs have no adequate remedy at law.

44. Defendants' acts of counterfeiting as alleged herein entitle Plaintiffs to an award of Defendants' profits and actual damages, plus attorneys' fees in bringing and maintaining this action, pursuant to 15 U.S.C. § 1117(b); or alternatively, of statutory damages of up to $2,000,000.00 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

## (Federal Trademark Infringement)

45. Plaintiffs incorporate all prior allegations as if set forth fully herein.

46. Plaintiffs' registered Five Four Marks are fanciful and arbitrary and are associated in the mind of the public with Plaintiffs.

47. Plaintiffs' Five Four Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise coming from Plaintiffs.

48. The registrations embodying the Five Four Marks are in full force and effect and Plaintiffs have authorized responsible manufacturers and vendors to sell merchandise with these Marks.

49. Defendants used the Five Four Marks in connection with Defendants' sale, distribution and advertising of Defendants' Offending Goods.

50. Defendants' activities as set forth herein constitute Defendants' unauthorized use in commerce of the Five Four Marks.

51. The use by Defendants of the Five Four Marks without Plaintiffs' consent or authorization in connection with Defendants' Offending Goods in their stores is likely to cause confusion, mistake or deception of the consumers as to the source of origin or sponsorship of the products, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52. Defendants' advertising, offering for sale and sale of Defendants' Offending Goods has and is subjecting consumers to confusion in that consumers are likely to purchase Defendants' Offending Goods falsely believing that Defendants and/or Defendants' Offending Goods originate from, or are sponsored or approved by Plaintiffs, when they are not.

53. Defendants' conduct exploits the goodwill and reputation associated with Plaintiffs' registered Five Four Marks.

54. Plaintiffs have no control over the quality of Defendants' Offending Goods. Because of the very real likelihood of confusion as to the source of Defendants' Offending Goods, Plaintiffs' reputations and valuable goodwill in their trademarks are subject to Defendants' unscrupulous tactics.

55. Defendants' activities as aforesaid create the false and misleading impression that Defendants are sanctioned, authorized and/or licensed by Plaintiffs to use Plaintiffs' Five Four Marks to manufacture, advertise, distribute, offer for sale or sell products bearing the Five Four Marks when Defendants are not so authorized.

56. Defendants' unauthorized use of the Five Four Marks as set forth above has resulted in Defendants unfairly benefiting from Plaintiffs' advertising and promotion, and profiting from Plaintiffs' reputation and its registered Five Four Marks, to the substantial and irreparable injury of the public, Plaintiffs, and the Five Four Marks and the substantial goodwill represented thereby.

57. Defendants' aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

58. Defendants' acts have caused, and will continue to cause, great and irreparable injury to Plaintiffs, and unless such acts are restrained by this Court, they will be continued, thereby causing Plaintiffs to continue to suffer great and irreparable injury. Plaintiffs have no adequate remedy at law.

59. Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Federal False Designations of Origin and False Descriptions)

60. Plaintiffs incorporate all prior allegations as if set forth herein.

61. Defendants have, in connection with their goods, used in commerce Plaintiffs' Five Four Marks. In addition to being a registered trademark, the "FF" Design, which appears on the pockets of Exhibit #1, by itself, qualifies as a widely known common law trademark, entitled to trademark protection.

62. Defendants' creation, production, offering for sale, advertisement and distribution of Defendants' Offending Goods, which use Plaintiffs' Five Four Marks and the "FF" Design trademark, has been and is without Plaintiffs' permission or

consent, and constitutes designation of a term, symbol, device, or combination thereof, that is false or misleading within the meaning of 15 U.S.C. § 1125 .

63. Plaintiffs have suffered harm as a result of Defendants' acts.

64. By their aforesaid acts, particularly Defendants' imitation of the Five Four Marks and "FF" Design trademark that Plaintiffs use in connection with their goods and services, which are sold and distributed in interstate commerce and in this judicial district, Defendants have infringed and are likely to continue to infringe on Plaintiffs' substantial rights in and to their Five Four Marks and "FF" Design trademark. In so doing, Defendants have represented and designated falsely to the public generally, and to relevant consumers specifically, the source of origin of Plaintiff's Five Four Marks and "FF" Design trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. Defendants' Offending Goods constitute false descriptions and representations tending to falsely describe or represent Defendants and Defendants' Offending Goods as being authorized, sponsored, affiliated or associated with Plaintiffs, when in fact they are not.

66. Defendants' use of counterfeits, copies and confusingly similar imitations of the Five Four Marks and "FF" Design trademark on Defendants' Offending Goods will likely cause confusion and mistake, deceive and mislead the purchasing public, trade upon Plaintiffs' reputations for producing goods of the highest quality, and improperly appropriate to themselves Plaintiffs' valuable intellectual property rights.

67. For each act of infringement, Plaintiffs are entitled to recover Defendants' profits and actual damages pursuant to 15 U.S.C. § 1117.

68. Plaintiffs are entitled to recover its reasonable attorneys' fees and costs incurred in this action.

69. Monetary relief alone, however, is not adequate to address fully the irreparable injury that Defendants' wrongful acts have caused and will continue to cause to Plaintiffs if such acts are not enjoined by this Court. Plaintiffs are, therefore,

entitled to permanent injunctive relief to stop Defendants' ongoing infringing of Plaintiffs' Five Four Marks.

70. Plaintiffs have been damaged by, and Defendants have profited from, Defendants' wrongful conduct in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**(Trade Dress Infringement)**

71. Plaintiffs incorporate all prior allegations as if set forth fully herein.

72. Five Four's most well recognized denim products are those bearing the "FF" Design, which features its original one of a kind "FF" logo on the pockets in an assortment of different sizes, patterns, and colors.

73. The "FF" Design is nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Five Four as the source of high quality goods.

74. The "FF" Design has continuously appeared in Five Four's advertising and promotional activities. Five Four has extensively used and promoted the "FF" Design such that its design is closely identified with the products of Five Four and has gained widespread public recognition.

75. Defendants' Offending Goods bear marks identical and/or confusingly similar to the Five Four Marks in such a manner as to mimic the overall appearance of the "FF" Design, as seen below. Specifically, the "FF" logo appears on Defendants' Offending Goods in the same manner as is utilized by Plaintiffs on authentic Five Four-branded products.

76. Defendants' unauthorized use of the "FF" Design on its Offending Goods in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods when in fact they do not.

77. Defendants' use of the "FF" Design is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

78. Defendants' use of the "FF" Design is likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

79. Plaintiffs have no adequate remedy at law.

80. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the "FF" Design, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

**FIFTH CLAIM FOR RELIEF**

**(False Advertising)**

81. Plaintiffs incorporate all prior allegations as if set forth fully herein.

82. Plaintiffs are the owners of the Five Four Marks and "FF" Design.

83. The Five Four Marks and "FF" Design are distinctive.

84. Defendants used in commerce the Offending Goods.

85. Defendants' use in commerce of the Offending Goods constitutes commercial advertising or promotion within the meaning of Section 43(a)(a)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

86. Defendants' use in commerce of the Offending Goods misrepresents the nature, characteristics, and qualities of Defendants' and Plaintiffs' goods, services, and commercial activities.

87. As a direct and proximate result of Defendants' actions, conduct, and practices alleged above, Plaintiffs are likely to be and have been damaged and will continue to be damaged.

88. Defendants' acts have also caused and are causing irreparable and incalculable injury to Plaintiffs and their Five Four Marks and "FF" Design, and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable and incalculable injury, whereby Plaintiffs have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

89. Plaintiffs incorporate all prior allegations as if set forth fully herein.

90. This claim arises under the common law of this state relating to trademark counterfeiting and infringement and unfair competition. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark laws of the United States, and under 28 U.S.C. § 1367.

91. Plaintiffs are the owners of all rights, titles, and interest in and to the Five Four distinctive trademarks, designs, symbols, and logos used by Plaintiffs by virtue of their extensive manufacture and sales of products bearing such trademarks, designs, symbols, and logos (collectively "Plaintiffs' Common Law Trademarks") as set forth in the preceding paragraphs of this complaint.

92. The Offending Goods sold by Defendants incorporate matter constituting replicas and imitations of Plaintiffs' Five Four Trademarks. Such unauthorized use by Defendants of Plaintiffs' Five Four Trademarks constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers to believe such products are products of Plaintiffs when, in fact, they are not.

93. By such actions in infringing Plaintiffs' Five Four Trademarks, Defendants are improperly trading upon the reputations and goodwill of Plaintiffs and are impairing Plaintiffs' valuable rights in and to such trademarks.

94. Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Defendants. Plaintiffs have been damaged by, and Defendants have profited form, Defendants' wrongful conduct in an amount to be proven at trial.

95. In committing the conduct and acts alleged herein, Defendants have acted despicably and have been guilty of oppression, fraud and/or malice, and have acted with a willful, reckless, and conscious disregard for Plaintiffs' rights thereby entitling Plaintiffs to an award of punitive damages.

## SEVENTH CLAIM FOR RELIEF

### (State Statutory Unfair Competition)

96. Plaintiffs incorporate all prior allegations as if set forth fully herein.

97. This claim arises under California Business and Professions code §§ 17200 *et seq*. and the common law of the state. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

98. Plaintiffs are the owners of all rights, titles, and interest in the Five Four Marks and Plaintiffs' Common Law Trademarks.

99. Plaintiffs state, upon information and belief and thereupon allege, that Defendants have appropriated one or more of the Five Four Marks and/or Plaintiffs' Common Law Trademarks resulting in confusion, mistake, and deception as to the source of their goods with the intent to palm off its goods as those of Plaintiffs and to place others in the position to palm off their goods as those of Plaintiffs.

100. Plaintiffs state, upon information and belief and thereupon allege, that the acts of Defendants have violated the unfair competition laws of the State of California and specifically California Business and Professions Code §§ 17200 *et seq*.

101. Plaintiffs have no adequate remedy at law. The conduct of Defendants have caused and, if not enjoined, will continue to cause Plaintiffs irreparable harm and

damage their Five Four Marks and Common Law Trademarks and to their business, reputations, and goodwill. Plaintiffs have been damaged by, and Defendants have profited from, Defendants' wrongful conduct in an amount to be proven at trial.

102. In committing the conduct and acts alleged herein, Defendants have acted despicably and have been guilty of oppression, fraud and/or malice, and have acted with a willful, reckless, and conscious disregard for Plaintiffs' rights thereby entitling Plaintiffs to an award of punitive damages.

**EIGHTH CLAIM FOR RELIEF**

**(Constructive Trust)**

103. Plaintiffs incorporate all prior allegations as if set forth fully herein.

104. This claim arises under California Civil Code § 2224 and the common law of the State of California. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of constructive trust joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

105. Plaintiffs state, upon information and believe and thereupon allege, that Defendants own and/or possess tangible real and/or personal properties and assets including, but not limited to, bank, savings, and/or other financial accounts, consisting of and/or obtained by profit derived from Defendants' unauthorized manufacture, distribution, and/or sale of counterfeit and infringing products.

106. Plaintiffs are entitled to Defendants' profits from the counterfeiting and infringement and dilution of Plaintiffs' trademarks pursuant to 15 U.S.C. § 1114, 1117 and 1125 *et seq*., and California law.

107. Plaintiffs have no adequate remedy at law and have suffered irreparable harm and damage as a result of Defendants' acts as aforementioned. Defendants hold those tangible real and/or personal properties and assets consisting of and/or obtained by profit derived from Defendants' counterfeiting and infringing activities as constructive trustees for the benefit of Plaintiffs, in an amount thus far not determined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that this Court enter judgment in its favor and against Defendants as follows:

A. Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1) Using any of Five Four's federally registered trademarks in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(2) Using the "FF" Design or any design confusingly similar thereto in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(3) Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiffs;

(4) Otherwise infringing upon Five Four's federally registered trademarks;

(5) Unfairly competing with Plaintiffs.

B. Awarding actual damages suffered by Plaintiffs as a result of Defendants' acts;

C. Ordering an accounting by Defendants of all gains, profits and advantages derived from its wrongful acts;

D. Ordering Defendants to disgorge their profits;

E. Awarding Plaintiffs all of Defendants' profits and all damages sustained by Plaintiffs as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a).

F. Awarding treble damages in the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b).

G. Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

H. Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. §1117(c);

I. Awarding Plaintiffs punitive damages in connection with their claims under California law; and

J. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: July 28, 2010

BLAKELY LAW GROUP

By: ______________________
Brent H. Blakely
Cindy Chan
***Attorneys for Plaintiffs***
***Five Four Clothing, Inc. and***
***FiveFour Group, LLC***

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.

Dated: July 28, 2010

BLAKELY LAW GROUP

By: ______________________
Brent H. Blakely
Cindy Chan
***Attorneys for Plaintiffs***
***Five Four Clothing, Inc. and***
***FiveFour Group, LLC***





Exhibit 1

## PROOF OF SERVICE

I am employed in the county aforesaid; I am over the age of 18 years and not a party to the within action; my business address is 915 North Citrus Avenue, Hollywood, California 90038. On July 28, 2010, I served the documents named below on the parties in this action as follows:

**Document(s) Served:** **THIRD AMENDED COMPLAINT**

**Served Upon:**

Laura Chapman
Foley & Lardner LLP
555 California Street
Suite 1700
San Francisco, CA 94104-1520
**Attorneys for Defendant Wal-Mart Stores, Inc.**

Bruce A. McDonald
Buchanan Ingersoll & Rooney PC
1737 King Street, Suite 500
Alexandria, Virginia 22314
**Attorneys for Defendant CGS Industries, Inc.**

[X] (**BY MAIL)** I placed such envelope on the above date, with postage fully prepaid, for deposit in the U.S. Postal Service at my place of business at Hollywood, California, following the ordinary business practices of my place of business. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mail with the U.S. Postal Service. Under that practice, such correspondence is deposited with the U.S. Postal Service the same day it is collected and processed in the ordinary course of business.

[ ] **(BY FEDERAL EXPRESS)** I am readily familiar with the business practices at my place of business for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

[ ] **(BY FACSIMILE)** I caused to be transmitted the document(s) described herein via the FAX number(s) listed on the attached service list.

[ ] **(BY PERSONAL SERVICE)** I served the foregoing document by placing true copies thereof enclosed in sealed envelope(s) addressed as stated below. I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

[X] **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2010, at Hollywood, California.

Melody Alarcon